IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:13-cv-00029 |
| ) | |
| PUTNAM COUNTY JUSTICE CENTER *et al.*, ) | Judge Sharp |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Anthony Nelson, a state inmate or pretrial detainee currently housed at the Overton County Justice Center in Livingston, Tennessee, has filed a *pro se* complaint (ECF No. 1) purporting to assert claims for civil rights violations under 42 U.S.C. § 1983. He proceeds *in forma pauperis*. His complaint is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

### I. FACTUAL ALLEGATIONS

The plaintiff's claim is based upon events that occurred in June 2012 when he was housed at the Putnam County Justice Center in Cookeville, Tennessee. He alleges that he "caught mersa staff" (ECF No. 1, at 5), which the Court interprets to mean that he contracted a methicillin-resistant staphylococcus aureus ("MRSA") bacterial infection. The MRSA infection progressed until the affected area was "almost a foot by foot in diameter." (*Id.*) The plaintiff states he was "operated on in a [non-]sterile environment," presumably to address the infection, and thereafter was teased by unidentified individuals about not being able to handle the pain. (*Id.*) The only pain medication prescribed to him was "IBU's," which the Court believes might mean ibuprofen, but the plaintiff could not take the medication because he is diabetic. Finally, the plaintiff's pain was so extreme that "the judge order[ed]" an immediate medical furlough, and the plaintiff was taken to the emergency department of a local hospital, where he received treatment for the infection. (*Id.*) The plaintiff alleges that he was told by the ER staff that the treatment he had received at the jail was not adequate or appropriate insofar as the wound had not been properly cared for or dressed, and the plaintiff had not been prescribed sufficiently strong antibiotics. The ER physician gave him stronger pain medication and antibiotics, and told the plaintiff he could have died if he had not

been sent to the ER. As a result, the plaintiff has had nightmares. The prison staff even told the plaintiff that he had the worst MRSA infection they had ever seen.

Based on these factual allegations, the plaintiff has filed a lawsuit under 42 U.S.C. § 1983, naming as defendants the Putnam County Justice Center, the Putnam County Medical Staff and Company, and "J.A." Jim Patterson and "Asst. J.A." Stacy Padgent.[1] The plaintiff claims that he did not receive proper medical care from the Putnam County Justice Center, that he was "harassed" by unidentified individuals who told him to "shut up" and who laughed at his pain. He seeks punitive damages against the "medical company and staff," compensatory damages for mental stress, and nominal damages against Jim Patterson and Stacy Padgent.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing

---

[1] The Court presumes that the abbreviation "J.A." stands for "Jail Administrator."

*Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.    LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, the plaintiff must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.2d at 702 (citing *Farmer*, 511 U.S. at 834). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.*

"The requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalization of medical malpractice claims." *Comstock*, 273 F.3d at 703. In disputes "over the adequacy of the treatment, federal courts are generally reluctant to second guess

medical judgments." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir.1976). At the same time, however, "[a] government doctor has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs." *LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001). The distinction between deliberate indifference or reckless disregard and a mere dispute over the adequacy of treatment is a fine one. Where, as here, a close call is presented, the Court will err on the side of concluding that the plaintiff's allegations are sufficient to suggest deliberate indifference on the part of prison medical officials.

In particular, the Court finds that a MRSA infection can pose an objectively serious medical condition, one that, under the facts alleged here, was so obvious that even a lay person would recognize the necessity for a doctor's attention. The plaintiff, of course, alleges that he received medical treatment—first some treatment at the Justice Center and later treatment at the ER. However, the plaintiff's allegation that he was only taken to the ER after a court order suggests continuing indifference on the part of medical staff at the jail as to his condition that might not have been addressed but for the court order. In addition, the Court notes that the plaintiff alleges extreme pain that for some period of time was treated only with ibuprofen, which he was unable to take because he is diabetic. *Cf. McCarthy v. Place*, 313 F. App'x 810, 815–16 (6th Cir. 2008) (finding that a prison dentist's decision to provide only ibuprofen to a prisoner who needed two teeth pulled and at least one cavity filled, and the work took several months to complete, presented a triable issue of fact as to whether the dentist was deliberately indifferent to the plaintiff's serious pain). The plaintiff also alleges that, while he received some treatment at the prison before ultimately being the subject of a court order that he be sent to the ER, the treatment he received at the jail was so inadequate as to reflect a possibility that the medical staff was deliberately indifferent to his serious medical needs. More specifically, although the MRSA infection site was apparently "operated on" at the jail, the plaintiff alleges that the site was not dressed and drained appropriately, and the plaintiff received inadequate antibiotics as well as ineffective pain control. *Cf. Comstock*, 273 F.3d at 709 (finding that a prison psychologist's "failure to perform one, or even some" of a number of steps clearly mandated by the prisoner's condition moved the case from mere negligence to deliberate indifference). The Court finds that the allegations in the complaint are adequate to state a claim for deliberate indifference to the plaintiff's serious medical condition.

The next issue the Court must consider is whether the plaintiff has named the appropriate defendants for the alleged deliberate indifference. In that regard, the Court finds, first, that the plaintiff fails to state a claim against the Putnam County Justice Center, which the plaintiff purports to sue in both its individual and official capacity. Named individually, the Justice Center is a building and not a legal entity or person subject to suit under § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Even if the Court construes the "official-capacity" claim as a claim against Putnam County itself, a municipality may only be liable under § 1983 when its policy or custom causes the alleged injury, regardless of the form of relief sought by the plaintiff. *Los Angeles County v. Humphries*, --- U.S. ----, ----, 131 S. Ct. 447, 453–54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To state a municipal-liability claim, the plaintiff must identify a policy or custom of the municipality, connect the policy to the governmental entity, and show that his injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005). The plaintiff here does not allege that his injury resulted from the implementation of any policy or custom of the municipality. The Court therefore finds that the complaint fails to state a claim against the Putnam County Justice Center or against Putnam County.

The complaint also lists J.A. Jim Patterson and Asst. J.A. Stacy Padgent as defendants and indicates that the plaintiff seeks "nominal" damages from these defendants. The complaint does not identify what actions these individuals took that might have given rise to the claims against them. On that basis alone, the complaint fails to state a claim against these individuals. Even if the Court presumes that these defendants are the persons who harassed the plaintiff and "teased" him about not being able to endure the pain caused by the MRSA infection, allegations of verbal harassment do not state a claim for violation of the plaintiff's constitutional rights under § 1983. *Ivey v. Wilson*, 832 F.2d 950, 954–55 (6th Cir. 1987).

Finally, the plaintiff names the "Putnam County Justice Center's Medical Staff and Company" as defendants. The Court presumes that the Putnam County Justice Center's "Medical Company" is an

entity that contracts with Putnam County to provide medical services to inmates at the Putnam County Justice Center. While the "Medical Company," *per se*, may be a person acting under color of state law, it cannot be liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior*, that is, based solely on the actions of its employees. Rather, the "company" (like a municipality) can only be liable if some policy or practice of the company itself gave rise to the plaintiff's injuries. The plaintiff does not allege the existence of a policy, practice or custom of the company that gave rise to his injuries, so he fails to state a claim against the unidentified "company" that may contract with Putnam County to provide medical services to inmates at the Putnam County Justice Center.

Obviously, the actions about which the plaintiff complains were taken by individual persons who are employed as medical staff at the prison. The plaintiff does not identify these individuals, and it is unclear whether he knows their names. Giving the plaintiff the benefit of the doubt, the Court construes the complaint as asserted against one or more "John Doe" or "Jane Doe" defendants who are employed as medical staff at the Putnam County Justice Center.

Generally speaking, an inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought, and must give each defendant notice of the claims against him or her. In addition, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be made upon a defendant within 120 days after the filing of a complaint, which means that the plaintiff generally has that amount of time to identify any unnamed defendant. Although courts generally do not favor use of "John Doe" or similar terms to identify a defendant, it is permissible when the defendant's identity is not known at the time the complaint is filed, but may be determined through discovery. *Berndt v. Tennessee*, 796 F.2d 879, 882–84 (6th Cir. 1986). Accordingly, the Court finds that it would be inappropriate to dismiss the complaint against the "Putnam County Medical Staff" at this juncture, because of the likelihood that the identity of the individual defendants allegedly responsible for the plaintiff's injuries may be determined during discovery. The plaintiff is forewarned, however, that process cannot be served upon the "Medical Staff" until the actual individuals involved in the plaintiff's medical treatment have been properly identified.

The plaintiff is put on notice of his obligation to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of the individual persons

employed on the medical staff at Putnam County Justice Center and to file a timely motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint to correctly identify these defendants by their real names once their names are ascertained, and to effect timely service of process upon the individuals, as required by Fed. R. Civ. P. 4(m).

**IV.     CONCLUSION**

For the reasons set forth herein, the Court finds that the complaint fails to state a claim against the Putnam County Justice Center, Jim Patterson, Stacy Padgent, or the Putnam County Justice Center's "Medical Company." The claims against those defendants will therefore be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii). However, the Court finds that the complaint states a colorable claim under § 1983 against as-yet unidentified individual medical staff members employed at the Putnam County Justice Center. The claims against those defendants will, at this juncture, be permitted to proceed. Service against those defendants may only be effected, however, if the plaintiff succeeds in identifying the individuals involved in his treatment by name. An appropriate order is filed herewith.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge